THOMAS W. PITTMAN AND ANOTHER, RESPONDENTS, v THE MAYOR, ETC., OF THE CITY OF NEW YORK, APPELLANT.

*Commissioners of estimate and assessment in New York — Taxation of costs of — cannot be attacked collaterally — Counter-claim — Rev. St., sub. 10, § 18, title 2, chap. 6, pt. 3 — §§ 1-5, chap. 483, Laws of 1862.*

The plaintiffs' claim for services performed and expenses incurred as commissioners of estimate and assessment, was presented for taxation as required by law, was taxed before a referee, and such taxation was confirmed by the court. In an action brought against the city for the recovery of the amount so taxed, the defense interposed, was, that such amount exceeded that warranted by the provisions of the statute. *Held*, that the taxation could not be attacked collaterally; that it was conclusive against the defendant, until set aside in proceedings taken directly for that purpose.

The answer set up a counter-claim existing in the defendant's favor, against one Purser, who, it was stated, was entitled to receive or had been paid $1,538.13 of the amount allowed to the commissioners. *Held*, that these facts did not constitute a counter-claim under section 150 of the Code, nor under the provisions of subdivision 10, section 12, 3 Revised Statutes (5th ed.), page 635 (sub. 10, § 18, title 2, chap. 6, pt. 3, Rev. St.), relative to actions by trustees, etc.

APPEAL from a judgment recovered under an order striking out the answer served by the defendant as frivolous.

*E. Delafield Smith*, corporation counsel, for the appellant. If the papers on *their face show* that the referee has allowed, and the

court has confirmed an allowance in direct *violation of the statute*, such an allowance is not binding upon the city. The costs provided for — the costs they are *permitted to tax* — are the costs authorized by the act. The taxation is binding to that extent; beyond it, it is not voidable merely, but void. The distinction between law and equity is abolished by the Code. (*Cowles* v. *Cowles*, 9 How. Pr., 362.) If Mr. Purser is the *real party* in *interest*, then the counter-claim may be set up. (*Cowles* v. *Cowles*, 9 How., 361.) In the case of *Bliss* v. *Bliss* (7 Bosw., 339), the principles controlling this question are fully discussed.

*Allison & Shaw* for the respondents. The appeal is to be decided on the same principles, and in the same manner as if a formal demurrer had been interposed and sustained. (*Wilkin* v. *Raplee*, 52 N. Y., 248, 250; *Manning* v. *Tyler*, 21 id., 567, 569, 570; *Martin* v. *Kanouse*, 2 Abb. Pr., 327; *Wesley* v. *Bennett*, 5 id., 498; *Wither-head* v. *Allen*, 28 Barb., 661, 668, 669; *East River Bank* v. *Rogers*, 7 Bosw., 494, 497, 498; *Griswold* v. *Laverty*, 12 N. Y. Leg. Obs., 316.) But the motion for frivolousness was properly granted in pursuance of the rule, that a decision in point adverse to the sufficiency of a pleading, is good ground for treating it as frivolous. (*People* v. *McCumber*, 15 How. Pr., cited from page 192; *Bank of Wilmington* v. *Barnes*, 4 Abb. Pr., 227.) The only point made is that the referee taxed a greater sum then he should have taxed, and that the court sustained and confirmed this taxation. To this the answer is that the bill of costs is made a part of the assessment to be included in the commissioners' report, and that report, when confirmed by the court, is made final and conclusive by express provisions of law. (Valentine's Laws, pp. 1198–1207; Laws of 1813, chap. 86, §§ 178–189.) The confirmation of the report, including the taxed costs as part of the assessment, is final and conclusive upon the question of the amount of costs so taxed and included. The question of costs can not be reviewed in a collateral proceeding. (*Matter of Seventy-sixth Street*, 12 Abb. Pr., 317, 319; *Matter of Sixty-fifth Street*, 23 How. Pr., 256; *Matter of Tenth Avenue*, MS. opinion of BARRETT, J., Nov. 17, 1874.) The general rule of law is, that a judicial taxation of costs is final and conclusive and cannot be questioned in a suit brought to recover

moneys, the amount of which is fixed by such taxation. (*Supervisors* v. *Briggs*, 2 Denio, 26; *Supervisors* v. *Briggs*, 2 Hill, 135; *White* v. *Coatsworth*, 2 Seld., 138; see opinion of EDMONDS, J., p. 143; *Powers* v. *Witty*, 42 How., 352.) If the allowance be an act void, for want of jurisdiction, then the assessment is also void for the same reason. (*Matter of Seventy-sixth Street*, 12 Abb. Pr., cited from p. 319; *Matter of Sixty-fifth Street*, 23 How. Pr., cited from pp. 257, 258; Valentine's Laws, p. 1207, § 189 of the act of 1813; Valentine's Laws, pp. 1232, 1233, § 5 of the act of 1862.) The act of 1862 has been held inapplicable to such proceedings as the one in controversy, by express adjudication in this district. (*Matter of Broadway*, MS. opinion of GILBERT, J.; *Matter of Northern Boulevard*, MS. opinion of FANCHER, J.; *Matter of Kingsbridge Road*, MS. opinion of PRATT, J.) The alleged counter-claim is not a counter-claim against the plaintiffs or either of them. The taxed costs belong to plaintiffs and not to the person against whom the counter-claim is set up. (*People ex rel. Bagley* v. *Green*, 1 Hun, 1; *People ex rel. Purser* v. *Green*, 1 id., 86; Code, § 150; 2 R. S. [Edms. ed.], p. 365, § 18.) If the person against whom the counter-claim is alleged to exist was plaintiff herein, the counter-claim could not be sustained. The taxation of those costs and the confirmation of that report were final and conclusive. The sums for which a counter-claim is sought to be made were paid and cannot be recovered back. Especially is this true in the absence of any allegation that the payment was not voluntary, or that it was made under any mistake or through any fraud. (*Supervisors* v. *Briggs*, 2 Denio, 26; *Supervisors* v. *Briggs*, 2 Hill, 135.)

DANIELS, J. :

The demand for which the judgment was recovered, accrued for services performed, and expenses incurred, by the plaintiffs and Nicholas Muller, as commissioners of estimate and assessment, in opening and widening One Hundred and Tenth street, in the city of New York. The demand made greatly exceeded what, by the act of 1862, could be properly allowed for such services and expenses.* But the complaint avers, and the answer substantially and

---

* Laws of 1862, chap. 483, §§ 1, 5.

practically admits, that, before the commissioners' report was presented for confirmation, a bill of the costs, charges and expenses of said proceeding, was duly presented by the counsel for the corporation for taxation, in the manner required by law, and the same were taxed and allowed by a referee duly appointed by the Supreme Court, at the sum of $8,916.71 costs. And the bill so taxed was afterward reported, with the commissioners' proceedings, to the court, and by it confirmed. The defense which the answer interposed to the recovery of such costs and expenses, was, that they were allowed at an amount exceeding that warranted by the provisions of the statute. But as the bill was adjusted in the mode provided by the statute, and at the instance of the counsel for the corporation, and afterward confirmed by the court, this objection comes too late. The remedy of the defendant for the correction of the bill, was by a direct proceeding for a readjustment of the amount allowed. It was adjusted by a judicial proceeding, instituted, carried on, and consummated in the manner provided by the statute. That necessarily rendered the adjustment conclusive against the defendant, as long as the proceedings taken were not vacated or set aside, but remained in force. They could not be questioned or annulled in the collateral mode proposed by the answer.

The court had complete jurisdiction over them, and of the parties affected by them, and that was sufficient to bind the defendant by the adjudication which was made. In this action, afterward brought to recover the amount awarded, no power exists to correct the errors by which that may have been improperly and unlawfully enhanced. That was held to be the law in the case of *Supervisors of Onondaga* v. *Briggs.*[*] The answer further alleged a counter-claim, existing in the defendant's favor against George H. Purser, who, it was stated, was entitled to receive, or had been paid, the sum of $1,538.12 of the amount adjusted and allowed in favor of the commissioners. These facts are insufficient to create a counter-claim within the provisions made by the Code. They require that the claim shall be one existing in favor of a defendant against a plaintiff, between whom a several judgment may be had, arising out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's demand, or connected with the subject of the action, or a cause of

* 2 Hill, 135 ; S. C., 2 Denio, 26.

action arising on contract.* The claim made by the answer was not one existing against the plaintiffs or either of them; and, for that reason, not within either provision made by that section of the Code, prescribing the nature of the demands which may be set forth by way of counter-claim. For substantially the same reason, it was not proper by way of set-off, under the statutory provisions made upon that subject. The only one under which it might possibly have been brought, is that relating to actions by trustees or persons having no real interest in the contract or debt constituting the subject of the action.† And the facts alleged were not sufficient to bring the claim within that provision, because it was not stated that the plaintiffs were endeavoring to collect it for Purser. If that were the fact, it should have been so stated with reasonable certainty. That was not done, for all that was set forth in the answer, in that respect, was, that the amount mentioned was for money paid, or claimed to be due Purser for services as clerk. If the latter had been the fact, it should have been averred, for if the plaintiffs have paid Purser, as they may have done according to this answer, then the amount due from him to the defendant would not be a proper set-off. The answer also shows that the amount received by Purser, was taxed and allowed at the sum paid him by the defendant, by a justice of the Supreme Court, and was included in the report of the proceedings in which it was claimed to have arisen, and confirmed by that court. According to this statement, the defendant had no valid or legal demand which could be insisted upon as a counterclaim or set-off; for it could not question or assail the proceedings by which that claim was allowed and paid in the collateral mode proposed by the answer. That could only be done by a direct application for a rehearing as to Purser's claim, as long as its allowance was not claimed to have been produced by fraud. So long as the proceedings mentioned remain in force, the defendant can maintain no claim for the recovery of the money paid pursuant to them. The judgment should be affirmed, with costs.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed with costs.

* Code, § 150.          † 3 R. S. (5th ed.), 635, sub. 10 of § 12.